IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| EVANSTON INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>    v.<br><br>PRIME TIME HEALTHCARE LLC,<br><br>    Defendant/Third-Party Plaintiff,<br><br>    v.<br><br>ROBERT RENSING AGENCY, INC. d/b/a RENSING INSURANCE and JEFFREY W. BROWN<br><br>    Third-Party Defendants. | Case No. 8:16-cv-159<br><br><br>**STIPULATED PROTECTIVE ORDER** |

    The parties, by and through their respective undersigned counsel, hereby stipulate to and request the entry of the following Protective Order in order to expedite the flow of discovery, facilitate the resolution of disputes over claims of confidentiality and provide adequate protection for material deemed confidential.

    IT IS HEREBY ORDERED THAT:

    1.    The term "Confidential Information" as used herein shall mean any document, testimony, answers to interrogatories, or thing that is designated by a party as "CONFIDENTIAL" as provided in this Protective Order.

    2.    The parties agree that any party hereto may reasonably and in good faith designate any documents, disc or other electronic media, or written discovery responses as

4817-6673-8494.1

Confidential Information which in good faith it believes contains confidential or proprietary personal or business information and/or trade secrets:

    (a)    In the case of documents produced or written discovery responses, by stamping the documents "CONFIDENTIAL" or by giving written notice with reference to applicable Bates numbers to the other party at the time of production or within thirty (30) calendar days after production of the documents.

    (b)    In the case of deposition testimony or deposition exhibits, by making the designation on the record during the deposition or by giving written notice to the other party within thirty (30) calendar days after receiving the transcript of the deposition. Each reporter participating in any such deposition shall be informed about and provided with a copy of this Protective order and shall agree to be bound by its terms. Each such reporter shall designate the portions of deposition transcripts designated as "Confidential" with the legend "Confidential—Designated by Counsel."

    (c)    In the case of electronic media, by labeling the outside of the media or enclosure as CONFIDENTIAL or by designating individual files within electronic media as CONFIDENTIAL or by giving written notice to the other party at the time of production or within thirty (30) calendar days after production of the electronic media.

    (d)    In the case of documents produced or deposition testimony given prior to the execution of this Protective Order, by designating such records or testimony as CONFIDENTIAL by one of the methods above within thirty (30) days after the mutual execution of this Protective Order.

    (e)    A party may designate documents, electronic media or deposition testimony as CONFIDENTIAL after the time periods set forth herein if the failure to timely designate those documents was inadvertent or the result of excusable neglect.

3.    At any time after the delivery of Confidential Information, counsel for the party or parties receiving the materials may challenge the CONFIDENTIAL designation of all or any portion thereof by providing written notice of such challenge to counsel for the party disclosing or producing the materials. Such written notice must specifically identify the documents or testimony being challenged and the basis for challenging the CONFIDENTIAL designation. If the parties are unable to agree as to whether the CONFIDENTIAL designation of discovery

material is appropriate, a party challenging the designation may make an appropriate motion to the Court, providing the designating party not less than ten (10) days' notice before moving for an order removing the designation.  Once challenged, the burden to establish confidentiality shall be on the designating party. The material shall be deemed CONFIDENTIAL until further ruling by the Court.

    4.    Confidential Information may be used by the parties receiving it for purposes of this litigation only and for no other purpose whatsoever, including but not limited to any business, commercial or competitive purpose.

    5.    This Order shall be without prejudice to the right of a producing party to seek additional protection for any Confidential Information and of a requesting party to seek more limited protection or removal of protection for Confidential Information.

    6.    Confidential Information may be disclosed only to:

    (a)    the parties (including an employee, officer, and director of a corporate party), the parties' attorneys who have signed this Protective Order and attorneys affiliated with the law firms of the attorneys who have signed this Protective Order and working directly on this action, and any law clerks, paralegals, assistants, stenographic, or clerical employees or other persons working directly on this action under the supervision of such attorneys;

    (b)    any expert(s) or consultants retained by a party to work directly on this action and persons regularly employed in their offices;

    (c)    potential or actual witnesses, interviewees, and deponents who were authors, recipients, or copied or otherwise has already been provided access to the document in the ordinary course of business on any CONFIDENTIAL documents, , or (with appropriate redaction, as necessary) who are referenced specifically in any CONFIDENTIAL documents or deposition testimony;

    (d)    any third-party service provider of a party or a party's counsel, such as a hosting provider, storage provider, e-discovery vendor or service provider, or similar vendor or service provider, engaged to store, process, review,

> produce, or perform other tasks related to the documents produced in this action;
>
> (e) any court reporting services retained by the parties; and,
>
> (f) the Court and court personnel (subject to the provisions below for filing CONFIDENTIAL information under seal).

Before providing CONFIDENTIAL materials to persons described in subparagraphs (b) or (c) above, a recipient must provide such person with a copy of this Protective Order and receive a signed Acknowledgment in the form attached hereto as Exhibit A. Copies of signed acknowledgments shall be provided to the disclosing party upon request.

7. Persons in the possession of Confidential Information shall not disclose such information to any other person, except in conformity with this Order.

8. Any party desiring to file Confidential information with the Court shall first request leave to file such information under restricted access such that access is restricted to counsel of record and the court, or under seal. Pending ruling on any such motion, a party may provide CONFIDENTIAL materials to the Court for *in camera* review. If the Court denies leave to file CONFIDENTIAL material under restricted access or under seal, a party may then file such material with the Court but shall otherwise treat the material as CONFIDENTIAL hereunder.

9. Inadvertent failure to designate discovery material as "CONFIDENTIAL" shall not constitute a waiver of such claim and may be corrected by prompt supplemental written notice designating such discovery material as "CONFIDENTIAL." Upon receiving such notice, the receiving Party agrees to treat materials so designated as "CONFIDENTIAL" and such materials shall be fully subject to this Order as if they had been initially so designated. A person disclosing discovery material that is subsequently designated as "CONFIDENTIAL" shall in

good faith assist the producing Party in retrieving such material from all recipients not entitled to receive such material under the terms of this, and will act in good faith to prevent further disclosures except as authorized under the terms of this Order.

10. In the event that any Party discloses Confidential Information (inadvertently or otherwise) or otherwise becomes aware of the disclosure of materials designated as "CONFIDENTIAL" contrary to the terms of this Order, the Party discovering the disclosure shall promptly notify in writing the Party to whom the material so designated belongs. Additionally, any Party disclosing material designated as "CONFIDENTIAL" contrary to the terms of this Order (whether the disclosure was inadvertent or otherwise) shall immediately take all reasonable actions to mitigate the disclosure and/or prevent further potential damage to the Party to whom the material so designated belong.

11. Disclosure (including production)—regardless of whether such disclosure was inadvertent, advertent, intentional, negligent or otherwise—of documents or electronically stored information ("ESI") that a Party later claims should not have been disclosed because of a privilege, including, but not limited to, the attorney-client privilege or work product doctrine ("Privileged Information"), shall not constitute a waiver of, or estoppel as to, any claim of attorney-client privilege, attorney work product, or other ground for withholding production as to which the disclosing or producing party would otherwise make.

12. Upon the request of a producing or disclosing Party, the receiving Party shall promptly return and/or destroy all originals and copies of any Privileged Information (including documents or ESI that a Party claims is Privileged Information, even if the receiving Party challenges that claim). Arguments that a disclosure was not inadvertent, that the disclosing or producing Party did not take reasonable or adequate steps to prevent such disclosure, or that the

disclosing or producing party did not promptly notify the receiving party of the "claw back" request, shall not be grounds for claiming the documents or ESI are not privileged or otherwise protected.

13. If any Party disputes the privilege claim and objects to a request to return or destroy Privileged Information that was inadvertently produced ("Objecting Party"), that Objecting Party shall notify the producing party of the dispute and the basis therefore in writing within 10 calendar days of receipt of the request for the return of the Privileged Information. The Parties thereafter shall meet and confer in good faith regarding the disputed claim within 10 calendar days. In the event that the Parties do not resolve their dispute, either Party may bring a motion for a determination of whether a privilege applies.

14. If the receiving Party reasonably believes that Privileged Information has been disclosed or produced to it, it shall promptly notify the disclosing or producing Party and sequester such information until instructions as to disposition are received.

15. Prior to trial, the parties will attempt to agree upon a mechanism for the handling of Confidential Information at any court hearing and/or trial. Failing agreement, Confidential Information shall be handled as directed by the Court.

16. This Order shall remain in full force and effect until modified, superseded or terminated by further order of this Court, and shall survive the termination of this action; provided, however, this Order may be amended by agreement between the parties to this action or upon regularly noticed motion to the Court. The Parties agree to submit to the jurisdiction of the United States District Court for the District of Nebraska for any proceedings with respect to this Order, even after termination of the action, and agree to be subject to the judgment of such court with respect to issues related to this Order.

4817-6673-8494.1

17. Within 60 days of the termination of this action, either by settlement or upon final adjudication, including all appeals, each party shall either destroy or return to the producing party, any Confidential Information in that party's possession obtained through discovery in this action.

18. This Order shall be binding upon the parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

19. Nothing in this Order shall prevent any disclosure if the party designating the information as "Confidential" consents to such disclosure.

20. The execution of this Order shall not in any way detract from the right of a party to object to the production of discovery materials on grounds other than confidentiality.

21. Nothing contained in this Order shall be construed to affect in any way the admissibility of any document, testimony or other evidence during any trial, hearing, or other proceeding. Nothing herein shall constitute a waiver of any claim of privilege or other protection from discovery.

22. If at any time any document or information protected by this Stipulated Protective Order is subpoenaed by any court, administrative or legislative body, or is requested by any other person or entity purporting to have authority to require the production of such information, including any person claiming personal injuries with respect to the July 23, 2014 motor vehicle accident involved in this litigation or his/her attorney, the Party to whom the subpoena or other request is directed shall immediately give written notice thereof to any producing Party that has designated such information as Confidential, so as to advise such person of the need to promptly

obtain a protective order or a notice to quash the subpoena if the producing Party believes such is necessary. The burden shall be on the producing Party to timely file a motion for protective order or to quash. During the pendency of any such motion, the Parties in possession of information designated as Confidential shall not produce those materials, unless applicable law requires the Party to comply with the subpoena or request despite the pending motion.

23. Nothing contained in this Order shall prevent a party to this action from using its own confidential information and material in any way that it sees fit, or from revealing its own confidential information and material to whomever it chooses, without prior consent of any person or of the Court.

Dated: December 13, 2016

| EVANSTON INSURANCE COMPANY, Plaintiff<br><br>By /s/ Jeremy Fitzpatrick<br>    Tory M. Bishop # 18527<br>    Jeremy Fitzpatrick # 21943<br>    KUTAK ROCK LLP<br>    The Omaha Building<br>    1650 Farnam Street<br>    Omaha, NE  68102-2186<br>    (402) 346-6000 (Telephone)<br>    tory.bishop@kutakrock.com<br>    jeremy.fitzpatrick@kutakrock.com | PRIME TIME HEALTH CARE, LLC, Defendant<br><br>By: /s/Jill R. Ackerman<br>    Jill R. Ackerman, #17623<br>    Nicholas K. Rudman, #25182<br>    BAIRD HOLM LLP<br>    1700 Farnam Street<br>    Suite 1500<br>    Omaha, NE  68102-2068<br>    (402) 344-0500<br>    jrackerman@bairdholm.com<br>    nrudman@bairdholm.com |
|---|---|
| ROBERT BROWN AGENCY, INC. d/b/a RENSING INSURANCE and JEFFREY W. BROWN, Third Party Defendants<br><br>By: /s/ Patrick G. Vipond<br>    Patrick G. Vipond, #16390<br>    Sarah M. Dempsey, #25107<br>    LAMSON DUGAN & MURRAY LLP<br>    10306 Regency Parkway Drive, Suite 1500<br>    Omaha, NE  68114<br>    pvipond@ldmlaw.com<br>    sdempsey@ldmlaw.com | |

Entered this   14th   day of   December  , 2016.

BY THE COURT:

    s/ Thomas D. Thalken
U.S. Magistrate Judge

4817-6673-8494.1

**EXHIBIT A**

**ACKNOWLEDGMENT OF CONFIDENTIALITY ORDER**

**AND AGREEMENT TO BE BOUND**

I, _____, do state that I am fully familiar with the terms of the Protective Order (hereinafter, the "Order") entered in the matter of _____, in the United States District Court for the District of Nebraska (hereinafter, the "Court"), Case No. _____ (hereinafter, the "Matter"), and hereby agree to comply with and be bound by the terms and conditions of said Order unless and until modified by further order from the Court.

I further understand and consent that any documents received or reviewed pursuant to the Order are solely for purposes relating to my participation in this Matter.  I will abide by the terms of the Order and understand that failure to do so may subject me to punishment for violation thereof.

I understand and consent to the jurisdiction of the Court with respect to enforcement of the Order.

Dated: _____

_____
[Signature]

_____
[Print Name]

_____
[Title]

4817-6673-8494.1