# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

EVANSTON INSURANCE COMPANY,

            Plaintiff,

vs.

PRIME TIME HEALTHCARE LLC,

            Defendant.

**8:16CV159**

**ORDER**

      This matter is before the Court on Evanston Insurance Company's ("Evanston") Motion for Leave to File Amended Answer and Cross-Claim ([Filing No. 80](#)), Prime Time Healthcare LLC's ("Prime Time") Motion for Leave to File Cross-Claim Against Risk Placement Services, Inc. ("RPSI") ([Filing No. 83](#)), and Robert Rensing Agency, Inc.'s and Jeffrey Brown's (collectively, the "Rensing Defendants") Motion to Extend Deadline to Amend Pleadings and for Leave to File Cross-Claim Against Evanston ([Filing No. 97](#)). For the reasons set forth below, Evanston's Motion for Leave to File Amended Answer and Cross-Claim will be granted. The Rensing Defendants' Motion to Extend Deadline to Amend Pleadings and For Leave to File Cross-Claim will be granted. Prime Time's Motion for Leave will be denied as moot.

## BACKGROUND

      This suit arises out of an insurance coverage dispute. Evanston brought suit against Prime Time on April 12, 2016 ([Filing No. 1](#)), seeking a declaration that an insurance policy furnished by Evanston to Prime Time does not provide coverage for a car accident involving a Prime Time employee. Prime Time thereafter filed a Third-Party Complaint ([Filing No. 15](#)) against the Rensing Defendants—Prime Time's insurance agents. The Third-Party Complaint alleges that if the Evanston policy is deemed not to provide coverage, then the Rensing Defendants were negligent by failing to procure coverage. The Rensing Defendants filed their Answer to Prime Time's Third-Party Complaint on July 26, 2016 ([Filing No. 22](#)), and then filed a Third-Party Complaint against RPSI on March 30, 2017. ([Filing No. 60](#).) RPSI is the wholesale insurance broker the Rensing Defendants used to procure coverage from Evanston.

RSPI filed its Answer on June 5, 2017. ([Filing No. 68](#).) Prime Time filed a Cross-Claim against RPSI on November 21, 2017. ([Filing No. 92](#).)

The Court issued its Order Setting Final Schedule for Progression of Case ([Filing No. 73](#)) on June 27, 2017. The Order set November 1, 2017 as the deadline for the parties to file motions to amend pleadings or add parties. Evanston filed its Motion for Leave to File Amended Answer and Cross-Claim on November 1, 2017. The Rensing Defendants filed their Motion to Extend Deadline to Amend Pleadings and for Leave to File Cross-Claim Against Evanston on December 1, 2017.

## DISCUSSION

**1. Prime Time's Motion for Leave to File Cross-Claim Against RPSI**

RPSI did not oppose Prime Time's Motion for Leave to File Cross-Claim. ([Filing No. 90](#).) Accordingly, Prime Time filed its Cross-Claim against RPSI on November 21, 2017 ([Filing No. 92](#)). RPSI filed its Answer to Prime Time's Cross-Claim on December 4, 2017 ([Filing No. 99](#)). In light of these filings, Prime Time's Motion for Leave will be denied as moot.

**2. Evanston's Motion for Leave to File Amended Answer and Cross-Claim**

Evanston requests that it be permitted to amend its Answer to Counterclaim ([Filing No. 20](#)) to include a cross-clam against the Rensing Defendants for fraudulent concealment, fraudulent and negligent misrepresentation, indemnification, contribution and equitable subrogation.[1] ([Filing No. 80](#).) Evanston maintains that its proposed amended pleading is based on facts similar to those alleged in the original complaint and counterclaim filed by Prime Time against Evanston and, thus, will involve the same witnesses and facts. Evanston's proposed cross-claim generally alleges that the Rensing Defendants made misrepresentations or concealed information when they notified Evanston that Prime Time had purchased a commercial

---

[1] Prime Time and RPSI do not oppose this motion. ([Filing No. 80](#).)

2

automobile policy through Travelers Casualty Insurance Company of America (the "Traveler's Policy").

The Rensing Defendants oppose the motion, arguing that adding these claims would be futile. The Rensing Defendants deny that they made any misrepresentations or concealed information. Further, they contend that Evanston has no viable claims because they did not owe Evanston a duty regarding any information about the Traveler's policy. The Rensing Defendants argue that in order for a relationship between insurance agents and insurance companies to result in the imposition of a duty, an agency relationship must exist. The Rensing Defendants maintain that no duty existed because in order to obtain bids and quotes for the Evanston policy, they were not permitted to communicate directly with Evanston. Instead, they had to communicate with Evanston through RPSI, a company that acts as an intermediary between insurance agents and insurance providers. The Rensing Defendants maintain that they never held themselves out as being an agent of Evanston and had no authority to bind coverage on behalf of Evanston.

Under Federal Rule of Civil Procedure 15, the Court should "freely give leave" to amend a pleading "when justice so requires." Fed. R. Civ. P. 15. Nevertheless, a party does not have an absolute right to amend and "denial of leave to amend may be justified by undue delay, bad faith on the part of the moving party, futility of the amendment or unfair prejudice to the opposing party." *Amrine v. Brooks*, 522 F.3d 823, 833 (8th Cir. 2008) (quotation and citation omitted). Whether to grant a motion for leave to amend is within the sound discretion of the district court. *Popoalii v. Corr. Med. Servs*, 512 F.3d 488, 497 (8th Cir. 2008).

While leave to amend may be denied based on futility, a motion to amend should be dismissed on the merits "only if it asserts clearly frivolous claims or defenses." *Gamma-10 Plastics, Inc. v. Am. President Lines*, 32 F.3d 1244, 1255 (8th Cir. 1994) (quotation omitted). *See also Becker v. University of Nebraska*, 191 F.3d 904, 908 (8th Cir. 1999) ("Likelihood of success on the new claim or defenses is not a consideration for denying leave to amend unless the claim is clearly frivolous").

3

The Court is unable to conclude that the proposed new claims are clearly frivolous. Although the Rensing Defendants argue that an agency relationship between and insurer and insurance agents must exist before a duty is imposed, they have not supplied any direct authority for this proposition. Also, the question of whether Evanston has viable causes of action "should be determined on the merits rather than as part of a motion to amend." [Doyle v. Eli Lilly & Co., No. 8:06CV412, 2008 WL 215802 (D. Neb. Jan. 24, 2008)](). Therefore, Evanston's Motion for Leave to File Amended Answer and Cross-Claim ([Filing No. 80]()) will be granted.

### 3. The Rensing Defendants' Motion to Extend Deadline to Amend Pleadings and for Leave to File Cross-Claim Against Evanston

The Rensing Defendants request that the Court extend the deadline to amend pleadings and grant them leave to file a cross-claim against Evanston for fraudulent concealment, fraudulent and negligent misrepresentation, indemnification, contribution and equitable subrogation. The Rensing Defendants generally contend that Evanston misrepresented that it provided insurance coverage for the accident involving the Prime Time employee.[2]

Evanston maintains that the deadline for filing amended pleadings should not be extended because the Rensing Defendants were aware of the allegations underlying their proposed amendment before the deadline expired. Evanston also contends that amending the progression order to allow the Rensing Defendants to file a cross-claim would be futile because the insurance policy issued by Evanston did not provide coverage for the underlying automobile accident.

Prime Time, as well as the Rensing Defendants, filed a brief in response to Evanston's opposition to the motion. Prime Time does not oppose the Rensing Defendants' motion. Rather, Prime Time complains that Evanston is attempting to use the motion as an opportunity to obtain a ruling regarding contract interpretation. Prime Time, like the Rensing Defendants, argues that the Court should not rule upon a coverage issue in the process of deciding a motion for leave to amend the progression schedule.

---

[2] This motion was filed in response to Evanston's Motion for Leave to File Amended Answer and Cross-Claim. ([Filing No. 80]().) The Rensing Defendants contend that they have brought their motion to ensure that all claims are asserted in one case.

The Court finds that good cause exists for granting the Rensing Defendants' motion, and agrees that it should not engage in contract interpretation in ruling on this motion. The parties will not be prejudiced by amending the progression order as proposed, especially in light of Evanston's upcoming amendment. The deposition deadline is not until December 31, 2018, and the summary judgment deadline is over six months away. ([Filing No. 132](#).) Moreover, the trial date is nearly a year away. (*[Id](#)*.) In short, there remains ample time to prepare this case for trial.

Accordingly,

**IT IS ORDERED:**

1. Evanston's Motion for Leave to File Amended Answer and Cross-Claim ([Filing No. 80](#)) is granted. Evanston shall an amended answer and cross-claim by July 18, 2018.

2. The Rensing Defendants' Motion to Extend Deadline to Amend Pleadings and for Leave to File Cross-Claim Against Evanston ([Filing No. 97](#)) is granted. The Rensing Defendants shall file their cross-claim by July 18, 2018.

3. Prime Time's Motion for Leave to File Cross-Claim Against RPSI ([Filing No. 83](#)) is denied as moot.

Dated this 10th day of July, 2018.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge